# Supreme Court of Florida

_____

No. SC22-1292

_____

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR—MISCELLANEOUS.**

March 16, 2023

PER CURIAM.

Before the Court is a petition of The Florida Bar (Bar) proposing amendments to seventeen Rules Regulating The Florida Bar (Bar Rules) and one bylaw. We have jurisdiction. *See* art. V, § 15, Fla. Const.; *see also* R. Regulating Fla. Bar 1-12.1.

The Bar proposes amending Bar Rules 1-3.5 (Retirement), 1-3.7 (Reinstatement to Membership), Bylaw 2-9.7 (Insurance for Members of Board of Governors, Officers, Grievance Committee Members, UPL Committee Members, Clients' Security Fund Committee Members, and Employees), 4-1.6 (Confidentiality of Information), 4-3.8 (Special Responsibilities of a Prosecutor), 5-1.1 (Trust Accounts), 11-1.1 (Purpose), 11-1.2 (Activities), 11-1.3 (Requirements and Limitations), 11-1.4 (Certification of Student),

11-1.5 (Approval of Legal Aid Organization), 11-1.6 (Other Activities), 11-1.7 (Supervision), 11-1.8 (Miscellaneous), 11-1.9 (Continuation of Practice Program After Completion of Law School Program or Graduation), 11-1.10 (Certification of Members of Out-of-State Bars), 19-1.5 (Relationship to the Supreme Court Commission on Professionalism), and 20-5.1 (Generally).

The Bar's proposals were approved by the Board of Governors of The Florida Bar, and consistent with Bar Rule 1-12.1(g), the Bar published formal notice of the proposed amendments in *The Florida Bar News*. The notice directed interested parties to file comments directly with the Court. No comments were received. Having considered the Bar's petition, the Court hereby amends the Bar Rules as proposed, except for the proposed technical amendment to rule 5-1.1(g)(3) and the proposed amendment to rule 5-1.1(g)(5)(B) requiring a minimum net interest rate of 25 basis points. The more significant amendments are discussed below.

First, rule 1-3.5 is reorganized and new subdivision (b) (Practice of Law Prohibited) is added to explain requirements for retired members of the Bar. Specifically, retired members must not practice law in Florida unless reinstated to active membership in

good standing or certified as an emeritus lawyer, must affirmatively represent their retired status, and must not hold themselves out as being able to practice law in Florida or render advice on matters of Florida law unless certified as an emeritus lawyer. Also, new language clarifying the requirements for retired members to be reinstated to active membership is added to new subdivision (c) (Reinstatement).

Next, in rule 1-3.7, subdivision (f) (Members Delinquent 60 Days or Less) is amended to treat a failure to file a trust account compliance certification as an administrative delinquency. Additionally, language stating that the effective date of reinstatement relates back to the date of delinquency is replaced with language providing that a lawyer is not considered in violation of the Bar Rules if an administrative delinquency is cleared within 60 days.

In bylaw 2-9.7, "current and former" is added to clarify that current and former officers of the Bar; members of the board of governors, UPL, clients' security fund, and grievance committees; and employees of the Bar will be covered by insurance and

indemnification for actions taken while acting on behalf of the Bar in their official capacity.

Next, in rule 4-1.6, subdivision (b)(2), regarding when a lawyer must reveal information, is amended to make clear that confidential information must be disclosed to prevent death or substantial bodily harm to anyone, including a client. Additionally, a new subdivision (c)(7) is added to rule 4-1.6 to permit a lawyer to reveal confidential information to the extent the lawyer reasonably believes necessary to "respond to specific allegations published via the internet by a former client (e.g. a negative online review) that the lawyer has engaged in criminal conduct punishable by law."

Also, in rule 5-1.1, subdivision (g)(1)(E) is amended to expand the definition of an interest or dividend-bearing trust account to include a business or consumer deposit account, and in subdivision (g)(5)(A), language is added that requires eligible institutions to maintain IOTA accounts that pay the highest interest rate or dividend generally available from the institution to its non-IOTA business or consumer account customers, or its non-maturing deposit account customers when IOTA accounts meet or exceed the same minimum balance qualifications. And, in subdivision (g)(5)(B),

language is added requiring eligible institutions to tie interest rates for IOTA accounts to specific indexed rate points.

In rule 11-1.2, subdivision (f) regarding the determination of indigency is deleted, as lawyers can look to the statutes and other sources for guidance on indigency rather than having the Board of Governors set the standards.

Rule 11-1.8, which pertains to the rule chapter's lack of effect on the unlicensed practice of law, is deleted, and rules 11-1.9 and 11-1.10 are renumbered as 11-1.8 and 11-1.9.

Next, rule 19-1.5 is deleted, as the Supreme Court Commission on Professionalism and Civility was disbanded in *In re Florida Supreme Court Commission on Professionalism and Civility*, Florida Administrative Order No. AOSC19-12 (Mar. 12, 2019).

Last, a new subdivision (h) is added to rule 20-5.1 to make ineligible for the Florida Registered Paralegal Program persons who have "engage[d] in conduct involving dishonesty, fraud, deceit, or misrepresentation in the application or reapplication process," which will allow the Florida Registered Paralegal Compliance Committee to deem someone unfit after a thorough investigation has been conducted as to whether an applicant possesses the

professional standard or integrity expected of a Florida Registered Paralegal during the application or reapplication process.

Accordingly, the Rules Regulating The Florida Bar are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective May 15, 2023, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

Joshua E. Doyle, Executive Director, Gary S. Lesser, President, F. Scott Westheimer, President-elect, and Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 1-3.5 RETIREMENT

**(a) Eligibility.**  Any member of The Florida Bar may retire from The Florida Bar ~~up~~on petition or other written request to, and approval of, the executive director.

**(b) Practice of Law Prohibited.**

(1) A retired member ~~shall~~must not practice law in this state ~~except upon petition for reinstatement~~unless reinstated to active membership in good standing by the executive director or unless certified as an emeritus lawyer under chapter 12 of these rules, but only for those activities permitted under chapter 12 of these rules~~, and approval of, the executive director; the payment of all membership fees, costs, or other amounts owed to The Florida Bar; and the completion of all outstanding continuing legal education or basic skills course requirements~~.

(2) Retired members must affirmatively represent their retired status when any statement of Florida Bar membership is made, e.g., when in writing, Esquire (Ret.) or Member, Florida Bar (Ret.).

(3) Retired members must not hold themselves out as being able to practice law in Florida or render advice on matters of Florida law unless certified as an emeritus lawyer under chapter 12 of these rules.

**(c) Reinstatement.**  To be reinstated to active membership in good standing, a retired member must:

(1) complete the reinstatement application;

(2) pay all membership fees, costs, or other amounts owed to The Florida Bar;

(3) complete all outstanding continuing legal education or basic skills course requirements as stated elsewhere in these rules; and

(4) be approved for reinstatement by the executive director.

**(d) Permanent Retirement.** A member who ~~seeks and~~ is approved to permanently retire ~~shall~~is not ~~be~~ eligible for reinstatement or readmission. A retired member ~~shall be~~is entitled to receive ~~such~~ other privileges as the board of governors ~~may~~ authorize~~s~~.

**(e) Discipline.** A retired member ~~shall~~ remain~~s~~ subject to disciplinary action for acts committed before the effective date of retirement. Acts committed after retirement may be considered in evaluating the member's fitness ~~to resume~~for reinstatement to the practice of law in Florida as elsewhere stated in these ~~Rules Regulating The Florida Bar~~rules.

**(f) Referral to Board of Governors.** If the executive director is in doubt as to disposition of a petition, the executive director may refer the petition to the board of governors for its action.

**(g) Review of Disposition.** Action of the executive director or board of governors denying a petition for retirement or reinstatement from retirement may be reviewed ~~up~~on petition to the Supreme Court of Florida.

**RULE 1-3.7 REINSTATEMENT TO MEMBERSHIP**

**(a)-(e)**        [No change]

**(f)  Members Delinquent 60 Days or Less.** ~~Reinstatement~~Any member reinstated from delinquency for payment of membership fees, trust account compliance certification, or completion of continuing legal education or basic skills course requirements approved within 60 days from the date of delinquency ~~is effective on the last business day before the delinquency.  Any member reinstated within the 60-day period~~ is not considered in violation of these rules and is not subject to disciplinary sanction for practicing law in Florida during that time.

**(g)**        [No change]

**BYLAW 2-9.7 INSURANCE FOR MEMBERS OF BOARD OF GOVERNORS, OFFICERS, GRIEVANCE COMMITTEE MEMBERS, UPL COMMITTEE MEMBERS, CLIENTS' SECURITY FUND COMMITTEE MEMBERS, AND EMPLOYEES**

The bar will provide insurance coverage for <u>current and former</u> members of the board of governors, officers of The Florida Bar, members of UPL, clients' security fund, and grievance committees, and employees of The Florida Bar as authorized by the budget committee and included in the budget. The bar will indemnify <u>current and former</u> officers, board of governors, UPL, clients' security fund, and grievance committee members and bar employees as provided in the standing board policies.

**RULE 4-1.6 CONFIDENTIALITY OF INFORMATION**

**(a) Consent Required to Reveal Information.** A lawyer must not reveal information relating to <u>a client's</u> representation ~~of a client~~ except as stated in subdivisions (b), (c), and (d), unless the client gives informed consent.

**(b) When Lawyer Must Reveal Information.** A lawyer must reveal confidential information to the extent the lawyer reasonably believes necessary <u>to</u>:

(1) ~~to~~ prevent a client from committing a crime; or

(2) ~~to~~ prevent ~~a~~ death or substantial bodily harm ~~to another~~.

**(c) When Lawyer May Reveal Information.** A lawyer may reveal confidential information to the extent the lawyer reasonably believes necessary <u>to</u>:

(1) ~~to~~ serve the client's interest unless it is information the client specifically requires not to be disclosed;

(2) ~~to~~ establish a claim or defense on <u>the lawyer's</u> behalf ~~of the lawyer~~ in a controversy between the lawyer and client;

(3) ~~to~~ establish a defense to a criminal charge or civil claim against the lawyer based on conduct in which the client was involved;

(4) ~~to~~ respond to allegations in any proceeding concerning the lawyer's representation of the client;

(5) ~~to~~ comply with the Rules Regulating The Florida Bar; ~~or~~

(6) ~~to~~ detect and resolve conflicts of interest between lawyers in different firms arising from the lawyer's change of employment or from changes in the composition or ownership of a firm, but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client; or

(7) respond to specific allegations published via the internet by a former client (e.g. a negative online review) that the lawyer has engaged in criminal conduct punishable by law.

**(d)** [No change]

**(e) Inadvertent Disclosure of Information.** A lawyer must make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the client's representation ~~of a client~~.

**(f)** [No change]

## Comment

[No change]

**Authorized disclosure**
[No change]
**Disclosure adverse to client**
[No change]
**Withdrawal**
[No change]
**Dispute concerning lawyer's conduct**

A lawyer's confidentiality obligations do not preclude a lawyer from securing confidential legal advice about the lawyer's personal responsibility to comply with these rules. In most situations, disclosing information to secure this advice will be impliedly authorized for the lawyer to carry out the representation. Even when the disclosure is not impliedly authorized, subdivision (c)(5)

permits this disclosure because of the importance of a lawyer's compliance with the Rules of Professional Conduct.

Where a legal claim or disciplinary charge alleges complicity of the lawyer in a client's conduct or other misconduct of the lawyer involving representation of the client, the lawyer may respond to the extent the lawyer reasonably believes necessary to establish a defense. The same is true with respect to a claim involving the conduct or representation of a former client. The lawyer's right to respond arises when an assertion of complicity has been made. Subdivision (c) does not require the lawyer to await the commencement of an action or proceeding that charges complicity, so that the defense may be established by responding directly to a third party who has made the assertion. The right to defend, of course, applies where a proceeding has been commenced. Where practicable and not prejudicial to the lawyer's ability to establish the defense, the lawyer should advise the client of the third party's assertion and request that the client respond appropriately. In any event, disclosure should be no greater than the lawyer reasonably believes is necessary to vindicate innocence, the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it, and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable.

If the lawyer is charged with wrongdoing in which the client's conduct is implicated, the rule of confidentiality should not prevent the lawyer from defending against the charge. A charge can arise in a civil, criminal, or professional disciplinary proceeding and can be based on a wrong allegedly committed by the lawyer against the client or on a wrong alleged by a third person; for example, a person claiming to have been defrauded by the lawyer and client acting together. A lawyer entitled to a fee is permitted by subdivision (c) to prove the services rendered in an action to collect it. This aspect of the rule expresses the principle that the beneficiary of a fiduciary relationship may not exploit it to the detriment of the fiduciary. As stated above, the lawyer must make every effort practicable to avoid unnecessary disclosure of information relating to a representation, to limit disclosure to those having the need to know it, and to

obtain protective orders or make other arrangements minimizing the risk of disclosure.

Subdivision (c)(7) allows a lawyer to respond to specific allegations published via the internet by a former client (e.g. a negative online review) that the lawyer has engaged in criminal conduct punishable by law. However, under subdivision (f), even when the lawyer is operating within the scope of the (c)(7) exception, disclosure must be no greater than the lawyer reasonably believes necessary to refute the specific allegations.

**Disclosures otherwise required or authorized**
[No change]
**Detection of Conflicts of Interest**
[No change]
**Acting Competently to Preserve Confidentiality**
[No change]
**Former client**
[No change]

## RULE 4-3.8 SPECIAL RESPONSIBILITIES OF A PROSECUTOR

The prosecutor in a criminal case ~~shall~~ must:

**(a)** [No change]

**(b)** not seek to obtain from an unrepresented accused a waiver of important pre-trial rights such as a right to a preliminary hearing; and

**(c)** [No change]

## Comment

A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations such as making a reasonable effort to assure that the accused has been advised of the right to and the procedure for obtaining counsel and has been given a reasonable opportunity to obtain counsel so that guilt is decided upon the basis of sufficient evidence. Precisely how far the prosecutor is required to

go in this direction is a matter of debate. ~~Florida has adopted the American Bar Association Standards of Criminal Justice Relating to Prosecution Function. This is the product of prolonged and careful deliberation by lawyers experienced in criminal prosecution and defense and should be consulted for further guidance.~~ See also rule 4-3.3(d) governing ex parte proceedings, among which grand jury proceedings are included. Applicable law may require other measures by the prosecutor and knowing disregard of these obligations or systematic abuse of prosecutorial discretion could constitute a violation of rule 4-8.4.

Subdivision (b) does not apply to an accused appearing pro se with the approval of the tribunal, nor does it forbid the lawful questioning of a suspect who has knowingly waived the rights to counsel and silence.

The exception in subdivision (c) recognizes that a prosecutor may seek an appropriate protective order from the tribunal if disclosure of information to the defense could result in substantial harm to an individual or to the public interest.

## RULE 5-1.1 TRUST ACCOUNTS

**(a)-(f)**  [No change]

**(g)  Interest on Trust Accounts (IOTA) Program.**

(1)  *Definitions.*  As used in this rule, the term:

(A)-(D)      [No change]

(E)  "Interest or dividend-bearing trust account" means a federally insured checking account, <u>business or consumer deposit account or sub account, business or consumer deposit account or sub account that does not have a maturity date (non-maturing deposit),</u> or investment product, including a daily financial institution repurchase agreement or a money market fund. A daily financial institution repurchase agreement must be fully collateralized by, and an open-end money market fund must consist solely of, United States Government Securities. A daily financial institution

- 13 -

repurchase agreement may be established only with an eligible institution that is deemed to be "well capitalized" or "adequately capitalized" as defined by applicable federal statutes and regulations.  An open-end money market fund must hold itself out as a money market fund as defined by applicable federal statutes and regulations under the Investment Company Act of 1940 and have total assets of at least $250 million.  The funds covered by this rule are subject to withdrawal on request and without delay.

(F)-(J)     [No change]

(2)  *Required Participation.*  All nominal or short-term funds belonging to clients or third persons that are placed in trust with any member of The Florida Bar practicing law from an office or other business location within the state of Florida must be deposited into one or more IOTA accounts, unless the funds may earn income for the client or third person in excess of the costs incurred to secure the income, except as provided elsewhere in this chapter.  Only trust funds that are nominal or short term must be deposited into an IOTA account.  The Florida ~~bar~~Bar member must certify annually, in writing, that the bar member is in compliance with, or is exempt from, the provisions of this rule.

(3)  *Determination of Nominal or Short-Term Funds.*  The lawyer must exercise good faith judgment in determining on receipt whether the funds of a client or third person are nominal or short term.  In the exercise of this good faith judgment, the lawyer must consider such factors as the:

(A)-(D)     [No change]

(E)  minimum balance requirements ~~and/~~or service charges or fees imposed by the eligible institution.

The determination of whether a client's or third person's funds are nominal or short term rests in the sound judgment of the lawyer or law firm.  No lawyer will be charged with ethical impropriety or other breach of professional conduct based on the exercise of the lawyer's good faith judgment.

(4)    [No change]

(5) *Eligible Institution Participation in IOTA.*  Participation in the IOTA program is voluntary for banks, credit unions, savings and loan associations, and investment companies.  Institutions that choose to offer and maintain IOTA accounts must meet the following requirements:

(A)  Interest Rates and Dividends.  Eligible institutions must maintain IOTA accounts ~~which~~that pay the highest interest rate or dividend generally available from the institution to its non-IOTA business or consumer account customers, or its non-maturing deposit account customers when IOTA accounts meet or exceed the same minimum balance ~~or other account eligibility~~ qualifications~~, if any~~.

(B)  Determination of Interest Rates and Dividends.  In determining the highest interest rate or dividend generally available from the institution to its non-IOTA accounts in compliance with subdivision (5)(A), above, eligible institutions may consider factors, in addition to the IOTA account balance, customarily considered by the institution when setting interest rates or dividends for its customers, provided that these factors do not discriminate between IOTA accounts and accounts of non-IOTA customers, and that these factors do not include that the account is an IOTA account.  When the Wall Street Journal Prime Rate ("indexed rate") is between 325 and 499 basis points (3.25% and 4.99%), the minimum interest rate paid net of all fees and service charges ("yield") must be no less than 300 basis points (3.00%) below the indexed rate in effect on the first business day of each month. When the indexed rate is 500 basis points (5.00%) or above, the yield must be no less than 40% of the indexed rate in effect on the first business day of each month.

(C)    [No change]

(6)-(7)    [No change]

**(h)-(k)**    [No change]

- 15 -

## Comment

[No change]

**Foundation Provision of Training and Technology; Grantees' Funds from Non-IOTA Sources**
[No change]

## RULE 11-1.1 PURPOSE

The bench and the bar are primarily responsible for providing competent legal services for all persons, including those unable to pay for these services.  As one means of providing assistance to lawyers who represent clients unable to pay for ~~such~~legal services and to encourage law schools to provide clinical instruction in trial work of varying kinds, the following rules are adopted.

## RULE 11-1.2 ACTIVITIES

**(a)**     [No change]

**(b)  Appearance in Court or Administrative Proceedings.**  An eligible law student may appear in any court or before any administrative tribunal in this state on behalf of any indigent person if the person on whose behalf the student is appearing has ~~indicated in writing~~ consent<u>ed in writing</u> to that appearance and the supervising lawyer has ~~also indicated in writing approval of~~<u>approved</u> that appearance <u>in writing</u>.  In those cases in which the indigent person has a right to appointed counsel, the supervising ~~attorney shall~~<u>lawyer must</u> be personally present at all critical stages of the proceeding.  In all cases, the supervising ~~attorney shall~~<u>lawyer must</u> be personally present when required by the court or administrative tribunal<u>,</u> ~~who~~<u>which</u> ~~shall~~ determine<u>s</u> the extent of the eligible law student's participation in the proceeding.

**(c)  Appearance for the State in Criminal Proceedings.**  An eligible law student may ~~also~~ appear in any criminal matter on behalf of the state with the written approval of the state attorney or the attorney general and of the supervising lawyer.  ~~In such cases the~~<u>The</u> supervising ~~attorney shall~~<u>lawyer must</u> be personally present

when required by the court, ~~who~~which ~~shall~~ determines the extent of the law student's participation in the proceeding.

**(d) Appearance on Behalf of Governmental Officers or Entities.** An eligible law student may ~~also~~ appear in any court or before any administrative tribunal in any civil matter on behalf of the state, state officers, or state agencies, or on behalf of a municipality or county~~, provided~~ that ~~the municipality or county has a full-time legal staff,~~ with the written approval of the ~~attorney~~lawyer representing the state, state officer, state agency, municipality, or county. The ~~attorney~~lawyer representing the state, state officer, state agency, municipality, or county ~~shall~~must supervise the law student and ~~shall~~ be personally present when required by the court or administrative tribunal, which ~~shall~~ determines the extent of the law student's participation in the proceeding.

**(e) Filing of Consent and Approval.** In each case, the written consent and approval referred to above ~~shall~~must be filed in the record of the case and ~~shall be~~ brought to the attention of the judge of the court or the presiding officer of the administrative tribunal. If the client is the state attorney, state officer, or governmental entity, ~~it shall be sufficient to file~~filing the written consent and approval with the clerk and each presiding judge once for the term of the student's participation is sufficient.

~~**(f) Fixing of Standards of Indigence.** The board of governors shall fix the standards by which indigence is determined under this chapter upon the recommendation of the largest voluntary bar association located in the circuit in which a program is implemented hereunder.~~

**RULE 11-1.3 REQUIREMENTS AND LIMITATIONS**

In order to make an appearance ~~pursuant to~~under this chapter, the law student must:

**(a)** ~~have~~ register~~ed~~ with the Florida Board of Bar Examiners as a certified legal intern registrant; ~~have paid~~pay ~~the~~a $75 registration fee ~~for such registration~~ if the registration is ~~completed~~filed within the first 250 days of the registrant's law school education or $150 if

- 17 -

the registration is filed after the 250-day deadline (any fee paid under this subdivision will be deducted from the applicable application fee if the certified legal intern registrant later applies for admission to The Florida Bar); and ~~have received~~receives a letter of clearance as to character and fitness from the Florida Board of Bar Examiners; ~~any fee paid under this subdivision shall be deducted from the applicable application fee should the certified legal intern registrant subsequently decide to apply for admission to The Florida Bar~~;

**(b)** be ~~duly~~ enrolled in the United States in, and appear~~ing~~ as part of a law school practice program of, a law school approved by the American Bar Association;

**(c)** have completed legal studies amounting to at least 4 semesters or 6 quarters for which the student has received not less than 48 semester hours or 72 quarter hours of academic credit or the equivalent ~~if the school is on some other basis~~;

**(d)** [No change]

**(e)** be introduced to the court in which the student is appearing by ~~an attorney~~a lawyer admitted to practice in that court;

**(f)** neither ask for nor receive any compensation or remuneration of any kind for the student's services from the person on whose behalf the student renders services~~, but this shall~~; although this does not prevent a state attorney, public defender, legal aid organization, ~~or~~ state officer, or governmental entity from paying compensation to the eligible law student (nor ~~shall~~does it prevent ~~any of the foregoing~~them from ~~making such charge~~charging for ~~its~~ services as ~~it~~they may ~~otherwise~~ require); and

**(g)** certify in writing that the law student has read and ~~is familiar with~~will abide by the Rules of Professional Conduct as adopted by ~~this court and will abide by the provisions thereof~~the Supreme Court of Florida.

- 18 -

## RULE 11-1.4 CERTIFICATION OF STUDENT

The certification of a student by the law school dean or the dean's designee:

**(a)** ~~Shall~~must be filed with the clerk of ~~this court~~the Supreme Court of Florida, ~~and~~where, ~~unless it is sooner withdrawn,~~ it ~~shall~~ remain~~s~~ in effect ~~until the expiration of~~for 18 months after it is filed unless withdrawn sooner~~.~~;

**(b)** ~~May~~may be withdrawn by the dean, or the dean's designee, at any time by mailing a notice, that does not need to include the cause for withdrawal, ~~to that effect~~ to the clerk of ~~this court~~the Supreme Court of Florida. ~~It is not necessary that the notice state the cause for withdrawal.~~;

**(c)** ~~May~~may be terminated by ~~this court~~the Supreme Court of Florida at any time without notice or hearing and without any showing of cause. ~~Notice of the termination may be filed with the clerk of the court.~~

## RULE 11-1.5 APPROVAL OF LEGAL AID ORGANIZATION

Legal aid organizations that provide a majority of their legal services to the indigent and use law student interns ~~pursuant to~~under this chapter must be approved by the ~~supreme court~~Supreme Court of Florida. A legal aid organization seeking approval ~~shall~~must file a petition with the clerk of the court certifying that it is a nonprofit organization and ~~reciting~~stating with specificity the:

**(a)** ~~the~~ structure of the organization and whether it accepts funds from its clients;

**(b)** ~~the~~ major sources of funds used by the organization;

**(c)** ~~the~~ criteria used to determine potential clients' eligibility for legal services performed by the organization;

**(d)** ~~the~~ types of legal and nonlegal services performed by the organization; and

**(e)** ~~the~~ names of all <u>Florida Bar</u> members ~~of The Florida Bar~~ who are employed by the organization or who regularly perform legal work for the organization.

Legal aid organizations ~~approved on the effective date of~~<u>under</u> this chapter ~~need not reapply for approval, but all such organizations~~ are under a continuing duty to notify the court promptly of any significant modification to their structure or sources of funds.

## RULE 11-1.6 OTHER ACTIVITIES

**(a) Preparation of Documents; Assistance of Indigents.** ~~In addition, an~~<u>An</u> eligible law student may engage in other activities~~,~~ under the general supervision of a member of ~~the bar of this court~~<u>The Florida Bar</u>, but outside the personal presence of that lawyer, including<u> preparation of</u>:

(1) ~~preparation of~~ pleadings and other documents to be filed in any matter in which the student is eligible to appear,~~ but such pleadings or documents must be~~ signed by the supervising lawyer;

(2) ~~preparation of~~ briefs, abstracts, and other documents to be filed in appellate courts of this state, ~~but such documents must be~~ signed by the supervising lawyer;

(3) ~~except when the assignment of counsel in the matter is required by any constitutional provision, statute, or rule of this court, assistance~~<u>applications and supporting documents for post-conviction relief</u> to indigent inmates ~~or~~<u>of</u> correctional institutions or other persons who request ~~such~~ assistance ~~in preparing applications for and supporting documents for postconviction relief~~<u>, except when the assignment of counsel in the matter is required by any constitutional provision, statute, or rule of this court</u>.  If there is ~~an attorney~~<u>a lawyer</u> of record in the matter, all ~~such~~ assistance must be supervised by ~~the attorney of record,~~ <u>and all documents submitted to the court must be signed by, that lawyer</u>~~and all documents submitted to the court on behalf of such a client must be signed by the attorney of record~~.

- 20 -

**(b)-(c)**     [No change]

## RULE 11-1.7 SUPERVISION

~~The member of the bar under whose supervision an eligible law student does any of the things permitted by~~<u>A supervising lawyer under</u> this chapter must:

**(a)**   be a ~~lawyer~~<u>member of The Florida Bar in good standing and eligible to practice law in Florida</u> whose service as a supervising lawyer for this program is approved by the dean of the law school in which the law student is enrolled ~~and who is a member of The Florida Bar in good standing and eligible to practice law in Florida~~;

**(b)**   be a lawyer employed by a state attorney, public defender, an approved legal aid organization, a state officer, or a governmental entity enumerated in rule 11-1.2~~(d)~~;

**(c)-(d)**     [No change]

## ~~RULE 11-1.8 MISCELLANEOUS~~

~~Nothing contained in this chapter shall affect the right of any person who is not admitted to the practice of law to do anything that the person might lawfully do prior to the adoption of this chapter.~~

## RULE 11-1.9<u>8</u> CONTINUATION OF PRACTICE PROGRAM AFTER COMPLETION OF LAW SCHOOL PROGRAM OR GRADUATION

**(a)  Certification.**  A law student at an American Bar Association<u>-</u>approved Florida law school who has filed an application for admission to The Florida Bar, ~~has~~ received an initial clearance letter as to character and fitness from the Florida Board of Bar Examiners, ~~has~~ completed a law school practice program awarding a minimum of 3 semester credit hours or the equivalent or requiring at least 200 hours of actual participation in the program, and ~~has~~ had certification withdrawn by the law school dean by reason of successful completion of the program or ~~has~~ graduated from law school following successful completion of the program may make appearances for any of the same supervisory

- 21 -

authorities under the same circumstances and restrictions that were applicable to students in law school programs ~~pursuant to~~under this chapter if the supervising ~~attorney~~lawyer:

(1)  files a certification in the same manner and subject to the same limitations as that required to be filed by the law school dean; ~~and files a separate certificate of the dean stating that the law student has successfully completed the law school practice program.  This certification may be withdrawn in the same manner as provided for the law school dean's withdrawal of certification.  The maximum term of certification for graduates shall be 12 months from graduation; and~~.

(2)  further certifies that the ~~attorney will~~lawyer assume~~s~~ the duties and responsibilities of ~~the~~a supervising ~~attorney~~lawyer ~~as provided by other provisions of~~under this chapter~~.~~; and

(3) files a separate certificate of the dean stating that the law student has successfully completed the law school practice program.  This certification may be withdrawn in the same manner as provided for the law school dean's withdrawal of certification.  ~~The maximum term of certification for graduates shall be 12 months from graduation; and~~.

**(b)  Graduates of Non-Florida Law Schools.**  A graduate of an American Bar Association-approved non-Florida law school may qualify for continuation in the practice program if the graduate has ~~made application~~filed an application for admission to The Florida Bar, ~~and~~ received a letter of initial clearance as to character and fitness from the Florida Board of Bar Examiners, and has successfully completed a clinical program in law school that met the definition of a law school practice program under rule 11-1.2~~(a) and~~ that awarded a minimum of 3 semester hours or the equivalent or required at least 200 hours of actual participation in the program.

**(c)  Term of Certification.**  The maximum term of certification for graduates is 12 months from the date of graduation.

**(cd)  Termination of Certification.**  ~~Failure of a post-graduate certified legal intern to do any of the following shall result in the automatic termination of certification:~~

~~(1)  failure to take the next available Florida bar examination;~~

~~(2)  failure to take the second available Florida bar examination, if unsuccessful on the first administration;~~

~~(3)  failure to pass every portion of the Florida bar examination by at least the second administration, if unsuccessful on the first administration; or~~

~~(4)  denial of admission to The Florida Bar.~~Failure to take the next available Florida bar examination, failure of any portion of the Florida bar examination on the second administration if a second administration is required, or denial of admission to The Florida Bar terminates certification under this rule.

**(e)  Withdrawal of Certification.**  Certification may be withdrawn in the same manner as the law school dean's withdrawal of certification.

## RULE 11-1.~~10~~9 CERTIFICATION OF MEMBERS OF OUT-OF-STATE BARS

**(a)  Persons Authorized to Appear.**  A member of an out-of-state bar may practice law in Florida ~~pursuant to~~under this chapter if the member of the out-of-state bar:

(1)  ~~the appearance is made as~~is an employee of the attorney general, a state attorney, a public defender, or the capital collateral representative;~~ and~~

(2)  ~~the member of an out-of-state bar has made application~~has applied for admission to The Florida Bar;~~ and~~

(3)  ~~the member of an out-of-state bar ~~submits to the jurisdiction of the Supreme Court of Florida for disciplinary purposes; and

(4) ~~the member of an out-of-state bar~~ is in good standing with that bar, is eligible to practice law in that jurisdiction, and is not currently the subject of disciplinary proceedings.

**(b) Term of Certification.** The maximum term of certification under this section is 12 months from the date of certification~~; provided, however, that the certification may extend~~but may be extended beyond 12 months if the certificate holder has passed the Florida bar examination and is awaiting the results of the character and fitness evaluation of the Florida Board of Bar Examiners. ~~Certification may be withdrawn in the same manner as provided for the withdrawal of certification by a law school dean.~~

**(c)** [No change]

**(d) Withdrawal of Certification.** Certification may be withdrawn in the same manner as the law school dean's withdrawal of certification.

## ~~RULE 19-1.5 RELATIONSHIP TO THE SUPREME COURT COMMISSION ON PROFESSIONALISM~~

~~The commission on professionalism has been established by administrative order of the Supreme Court of Florida and has been charged with the planning and implementation of an ongoing plan and policy to ensure that the fundamental ideals and values of the justice system and the legal profession are inculcated in all of those persons serving or seeking to serve in the system.~~

~~The center shall endeavor to assist the commission in this regard consistent with the center's funding, staffing, operational, and reporting structure.~~

## RULE 20-5.1 GENERALLY

~~The following individuals are~~A person is ineligible for registration ~~as a Florida Registered Paralegal~~ or ~~for~~ renewal of a registration ~~that was previously granted~~ to become a Florida Registered Paralegal if that person:

**(a)** ~~a person who~~ is currently suspended or disbarred or ~~who~~ has resigned or been revoked in lieu of discipline from the practice of law in any state or jurisdiction;

**(b)** ~~a person who~~ has been convicted of a felony in any state or jurisdiction and ~~whose~~has not had the person's civil rights ~~have not been~~ restored;

**(c)** ~~a person who~~ has been found to have engaged in the unlicensed ~~(or~~ unauthorized~~)~~ practice of law in any state or jurisdiction within 7 years of the application date;

**(d)** ~~a person whose~~has had that person's registration or license to practice ~~has been~~ terminated or revoked for disciplinary reasons by a professional organization, court, disciplinary board, or agency in any jurisdiction;

**(e)** ~~a person who~~ is no longer primarily performing paralegal work as defined elsewhere in these rules;

**(f)** ~~a person who~~ fails to comply with prescribed continuing education requirements as set forth elsewhere in this chapter; ~~or~~

**(g)** ~~a person who~~ is providing services directly to the public as permitted by case law and subchapter 10-2 of these rules~~.~~; or

**(h)** engages in conduct involving dishonesty, fraud, deceit, or misrepresentation in the application or reapplication process.